NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CODY FLAHERTY, individually and on behalf of all others similarly situated; JERRY ROSS; KEGAN FLAHERTY, individually and on behalf of all others similarly situated,

        Plaintiffs - Appellants,

and

MATHY BARROGA, JOHN BAUMAN, ELIZABETH PATTON, BRYAN BARLAHAN,

        Plaintiffs,

  v.

KANAWAY SEAFOODS, INC., dba Alaska General Seafoods,

        Defendant - Appellee.

No. 23-4223

D.C. No.
3:22-cv-00155-SLG

MEMORANDUM*

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, Chief District Judge, Presiding

Argued and Submitted December 3, 2024
San Francisco, California

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: COLLINS, VANDYKE, and MENDOZA, Circuit Judges.

Plaintiffs-Appellants ("Plaintiffs") appeal the summary judgment entered by the district court in favor of Defendant Alaska General Seafoods (AGS) on their claims for overtime compensation under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and the Alaska Wage and Hour Act (AWHA), Alaska Stat. § 23.10.050 *et seq. See Flaherty v. Kanaway Seafoods, Inc.*, No. 3:22-cv-00155-SLG, 2023 WL 7671516 (D. Alaska Nov. 15, 2023). We have jurisdiction under 28 U.S.C. § 1291, we review de novo, *Buono v. Norton*, 371 F.3d 543, 545 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment to AGS on Plaintiffs' claims for overtime pay under the FLSA. First, the court correctly concluded that Plaintiffs were not entitled to compensation for their on-call time. Although Plaintiffs resided on their employer's premises and were confined to company property due to the COVID-19 pandemic, the undisputed evidence shows that Plaintiffs were called in to work infrequently and were able to engage in a range of personal activities while on call. *See Owens v. Loc. No. 169, Ass'n of W. Pulp & Paper Workers*, 971 F.2d 347, 350–51 (9th Cir. 1992) (setting forth relevant factors to be considered). It also shows that the parties agreed, through both their collective bargaining agreements and their conduct, that Plaintiffs would be compensated "for actual call-in work, but not for other off-duty time." *Id.* at 355.

2

Second, the district court properly concluded that Plaintiffs were not entitled to compensation for their sleep time. Plaintiffs' reliance on 29 C.F.R. § 785.22 is misplaced. That regulation applies to employees "required to be on duty for 24 hours or more," 29 C.F.R. § 785.22(a), while Plaintiffs typically worked 11- or 18-hour shifts. Furthermore, this court has held that 29 C.F.R. § 785.23, rather than § 785.22, governs where, as here, employees are required to reside on their employer's premises. *See Brigham v. Eugene Water & Elec. Bd.*, 357 F.3d 931, 940–41 n.17 (9th Cir. 2004) ("We think it apparent that the more specific regulation should control over the more general, and thus we are persuaded that § 785.23 provides the most pertinent regulatory guidance."). Section 785.23 forecloses Plaintiffs' sleep time claims because the parties reasonably agreed that Plaintiffs would be compensated "for actual call-in work, but not for other off-duty time." *Owens*, 971 F.2d at 355; *see* 29 C.F.R. § 785.23 ("[A]ny reasonable agreement of the parties which takes into consideration all of the pertinent facts will be accepted."). In any event, the undisputed evidence shows that Plaintiffs were called in to work infrequently and did not have their sleep regularly interrupted.

The district court also properly granted summary judgment on Plaintiffs' claims for overtime under the AWHA. As Plaintiffs acknowledge, their AWHA claims are governed by the same legal principles as their FLSA claims. *See Moody*

3

*v. Lodge*, 433 P.3d 1173, 1179 (Alaska 2018) (citing *Hutka v. Sisters of Providence in Wash.*, 102 P.3d 947, 959 (Alaska 2004)).  Thus, Plaintiffs' AWHA claims fail for the same reasons as their FLSA claims.

Plaintiffs have not shown that the district court misapplied the summary judgment standard.  The facts as to what Plaintiffs could and could not do under the closed campus policy, drawn from Plaintiffs' deposition testimony, are undisputed.  Plaintiffs' contention that they "were effectively confined to their rooms while off shift" and "not allowed to associate with other employees" is contradicted by undisputed evidence.  *See Pac. Gulf Shipping Co. v. Vigorous Shipping & Trading S.A.*, 992 F.3d 893, 897 (9th Cir. 2021) (noting nonmovant's burden to identify "specific facts showing that there is a genuine issue for trial" once movant has met its initial burden of production (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986))).  There is no genuine dispute of fact as to the parties' agreements; through both conduct and collective bargaining agreements, the parties agreed that Plaintiffs would be compensated for on-call work but not otherwise for on-call or sleep time.  The ultimate issue before the district court—whether Plaintiffs' off-duty time constituted compensable overtime—is a question of law.  *See Berry v. County of Sonoma*, 30 F.3d 1174, 1180 (9th Cir. 1994) ("[W]hether the limitations on the employees' personal activities while on-call are such that on-call waiting time would be considered compensable overtime under

4

the FLSA is a question of law.").  Finally, the district court's observation at the summary judgment hearing that it was "on the fence" about the motion does not show that summary judgment was improper.

**AFFIRMED**.